from the testator, their identity being determined upon Nelson Perry's death, and all who answer that description, under any contingency, are in that class.

A decree may be entered upon two days' notice in accordance with the foregoing.

Decreed accordingly.

(77 Misc. Rep. 522.)

### In re BULLARD.

(Surrogate's Court, Saratoga County.  August, 1912.)

TRUSTS (§ 161*)—APPOINTMENT OF SUBSTITUTED TRUSTEE—BOND—CANCELLA-
TION OF DECREE.

  Where a decree appointing a substituted trustee in the place of a testamentary trustee, who resigned, required the new trustee to give a bond, there is no provision of law authorizing the surrogate to entertain an original petition to cancel the bond given under such decree.

  [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 209–211; Dec. Dig. § 161.*]

In the matter of the account of Estelle C. Bullard, substituted trustee under the will of Daniel A. Bullard, deceased.  Decree rendered.

Rockwood & McKelvey, of Saratoga Springs (Nash Rockwood, of Saratoga Springs, of counsel), for petitioner.

OSTRANDER, S.  By the second codicil of the will of Daniel A. Bullard, proved and recorded on the 2d day of April, 1901, he devised and bequeathed to Daniel A. Bullard, 2d, certain property in trust for the use of Charles M. Bullard for and during the term of his natural life, said property to go absolutely on his death to the children of said Charles M. Bullard then surviving, to be divided between them equally, share and share alike.  Daniel A. Bullard, 2d, qualified as such trustee, and subsequently, and on or about the 6th of August, 1904, resigned as such trustee, and Estelle C. Bullard was appointed as substituted trustee.  The decree appointing her as such directed her to give a bond in the sum of $3,500 to secure the estate against any unlawful act or acts in connection with her duties as such trustee.  She thereupon qualified and furnished the required bond.

The said Estelle C. Bullard now petitions the court to discharge the said bond and permit her to act as such trustee without such bond. Annexed to said petition are consents of Charles M. Bullard, Ralph C. Bullard, and Walter F. Bullard, who describe themselves as the beneficiaries and parties entitled to remainder of the trust estate, consenting that an order be made canceling said bond and permitting the trustee to act without bond.  Inasmuch as the original trust is for the benefit of such children of Charles M. Bullard as shall be living at the time of his decease, and inasmuch as he still survives, it cannot be said that Walter F. Bullard and Ralph C. Bullard, sons of Charles M. Bullard, are the sole persons who may be entitled to said trust fund at the death of said Charles M. Bullard.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The general policy and rule of the court seems to be that the court should exact a bond from the new trustee in case of appointment of a substituted trustee. Russak v. Tobias, 12 Civ. Pro. 390. It has been held in Matter of Burke, 1 N. Y. St. Rep. 316, and Matter of Gilbert, 3 N. Y. St. Rep. 208, that, where a decree is made removing a sole testamentary trustee and designating its successor, the statute does not compel the exaction of a bond, but that in such case the surrogate may in his discretion require such a bond.

In this case, when the petitioner was appointed, the surrogate in his decree exercised his discretion by requiring the giving of a bond. My attention is not called to any provision of law which authorizes me to entertain an original petition for the purpose of canceling a bond given pursuant to the direction of a decree regularly made by the court. To do so would be in effect to open and set aside in part a former decree of this court, without any of the reasons therefor which are required to authorize the court to open a former decree.

Aside from the considerations above given, I believe the cancellation of the bond in such case would be the establishment of a mischievous precedent, which would be a source of embarrassment to the court in many cases. I think the application should be denied.

Decreed accordingly.